WELLS, J.,
concurring in part and dissenting in part.
I concur in the adoption of this addition to the Canons. I believe that it is an appropriate addition to make express the required recusal of judges who would be reviewing the decisions of judges who are spouses or family members. We have recognized that the Florida Constitution provides a constitutional right to appeal. In re Amendments to Fla. Rules of App. Pro., 685 So.2d 773 (Fla.1996). To assure litigants and the public that this constitutional right is protected, the judiciary must assure that this is and has the appearance of being an independent appellate review. Decisions which are reviewed by spouses or family members simply do not present sufficient indicia of independence. Such decisions are too subject to being suspected of having an intra-spouse or intra-family influence.[2]
I do not concur that this is a canon which should be allowed to be waived. Unlike the other provisions of canon 3E(1), which are case specific, this canon is not. This canon covers situations which repeatedly occur because the canon is directed to the relationship of judges who have many cases subject to review in the appellate structure. This means that those who are repeatedly before the court, such as the State and public defenders, are placed in a position of having to constantly make decisions in respect to waiver. I am concerned that this places undue and unnecessary pressure on these parties, since these parties also have many other cases before the same judges. Therefore, I conclude that this is a canon which should not be allowed to be waived.
APPENDIX
Canon 3. A Judge Shall Perform the Duties of Judicial Office Impartially and Diligently
A. Judicial Duties in General.
The judicial duties of a judge take precedence over all the judge’s other activities. The judge’s judicial duties include all the duties of the judge’s office prescribed by law. In the performance of these duties, *523 the specific standards set forth in the following sections apply.
B. Adjudicative Responsibilities.
(1) A judge shall hear and decide matters assigned to the judge except those in which disqualification is required.
(2) A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.
(3) A judge shall require order and decorum in proceedings before the judge.
(4) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers, and of staff, court officials, and others subject to the judge’s direction and control.
(5) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, and shall not permit staff, court officials, and others subject to the judge’s direction and control to do so. This section does not preclude the consideration of race, sex, religion, national origin, disability, age, sexual orientation, socioeconomic status, or other similar factors when they are issues in the proceeding.
(6) A judge shall require lawyers in proceedings before the judge to refrain from manifesting, by words, gestures, or other conduct, bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, against parties, witnesses, counsel, or others. This Section 3B(6) does not preclude legitimate advocacy when race, sex, religion, national origin, disability, age, sexual orientation, socioeconomic status, or other similar factors are issues in the proceeding.
(7)A judge shall accord to every person who has a legal interest in a proceeding, or that person’s lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:
(a) Where circumstances require, ex parte communications for scheduling, administrative purposes, or emergencies that do not deal with substantive matters or issues on the merits are authorized, provided:
(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and
(Ü) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.
(b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice and affords the parties reasonable opportunity to respond.
(c) A judge may consult with other judges or with court personnel whose function is to aid the judge in carrying out the judge’s adjudicative responsibilities.
(d) A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to *524 mediate or settle matters pending before the judge.
(e) A judge may initiate or consider any ex parte communications when expressly authorized by law to do so.
(8) A judge shall dispose of all judicial matters promptly, efficiently, and fairly.
(9) A judge shall not, while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected to affect its outcome or impair its fairness or make any nonpublic comment that might substantially interfere with a fair trial or hearing. The judge shall require similar abstention on the part of court personnel subject to the judge’s direction and control. This Section does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court. This Section does not apply to proceedings in which the judge is a litigant in a personal capacity.
(10) A judge shall not commend or criticize jurors for their verdict other than in a court order or opinion in a proceeding, but may express appreciation to jurors for their service to the judicial system and the community.
(11) A judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information acquired in a judicial capacity.
C.Administrative Responsibilities.
(1)A judge shall diligently discharge the judge’s administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business.
(2) A judge shall require staff, court officials, and others subject to the judge’s direction and control to observe the standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias or prejudice in the performance of their official duties.
(3) A judge with supervisory authority for the judicial performance of other judges shall take reasonable measures to assure the prompt disposition of matters before them and the proper performance of their other judicial responsibilities.
(4) A judge shall not make unnecessary appointments. A judge shall exercise the power of appointment impartially and on the basis of merit. A judge shall avoid nepotism and favoritism. A judge shall not approve compensation of appointees beyond the fair value of services rendered.
D. Disciplinary Responsibilities.
(1) A judge who receives information or has actual knowledge that substantial likelihood exists that another judge has committed a violation of this Code shall take appropriate action.
(2) A judge who receives information or has actual knowledge that substantial likelihood exists that a lawyer has committed a violation of the Rules Regulating The Florida Bar shall take appropriate action.
(3) Acts of a judge, in the discharge of disciplinary responsibilities, required or permitted by Sections 3D(1) and 3D(2) are part of a judge’s judicial duties and shall be absolutely privileged, and no civil action predicated thereon may be instituted against the judge.
E. Disqualification.
(1) A judge shall disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be *525 questioned, including but not limited to instances where:
(a) the judge has a personal bias or prejudice concerning a party or a party’s lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(b) the judge served as a lawyer or was the lower court judge in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it;
(c) the judge knows that he or she individually or as a fiduciary, or the judge’s spouse, parent, or child wherever residing, or any other member of the judge’s family residing in the judge’s household has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding;
(d) the judge or the judge’s spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(i) is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) is acting as a lawyer in the proceeding;
(in) is known by the judge to have a more than de minimus interest that could be substantially affected by the proceeding;
(iv) is to the judge’s knowledge likely to be a material witness in the proceeding.;
(e) the judge’s spouse or a person within the third degree of relationship to the judge participated as a lower court judge in a decision to be reviewed by the judge.
(2) A judge should keep informed about the judge’s personal and fiduciary economic interests, and make a reasonable effort to keep informed about the economic interests of the judge’s spouse and minor children residing in the judge’s household.
F. Remittal of Disqualification.
A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judge’s disqualification and may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. The agreement shall be incorporated in the record of the proceeding.
COMMENTARY
Canon 3B(4). The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Judges can be efficient and business-like while being patient and deliberate.
Canon 3B(5). A judge must refrain from speech, gestures or other conduct that could reasonably be perceived as sexual harassment and must require the same standard of conduct of others subject to the judge’s direction and control.
A judge must perform judicial duties impartially and fairly. A judge who manifests bias on any basis in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute. Facial *526 expression and body language, in addition to oral communication, can give to parties or lawyers in the proceeding, jurors, the media and others an appearance of judicial bias. A judge must be alert to avoid behavior that may be perceived as prejudicial.
Canon 3B(7). The proscription against communications concerning a proceeding includes communications from lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted.
To the extent reasonably possible, all parties or their lawyers shall be included in communications with a judge.
Whenever presence of a party or notice to a party is required by Section 3B(7), it is the party’s lawyer, or if the party is unrepresented, the party who is to be present or to whom notice is to be given.
An appropriate and often desirable procedure for a court to obtain the advice of a disinterested expert on legal issues is to invite the expert to file a brief as amicus curiae.
Certain ex parte communication is approved by Section 3B(7) to facilitate scheduling and other administrative purposes and to accommodate emergencies. In general, however, a judge must discourage ex parte communication and allow it only if all the criteria stated in Section 3B(7) are clearly met. A judge must disclose to all parties all ex parte communications described in Sections 3B(7)(a) and 3B(7)(b) regarding a proceeding pending or impending before the judge.
A judge must not independently investigate facts in a case and must consider only the evidence presented.
A judge may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions.
A judge must make reasonable efforts, including the provision of appropriate supervision, to ensure that Section 3B(7) is not violated through law clerks or other personnel on the judge’s staff.
If communication between the trial judge and the appellate court with respect to a proceeding is permitted, a copy of any written communication or the substance of any oral communication should be provided to all parties.
Canon 3B(8). In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. Containing costs while preserving fundamental rights of parties also protects the interests of witnesses and the general public. A judge should monitor and supervise cases so as to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs. A judge should encourage and seek to facilitate settlement, but parties should not feel coerced into surrendering the right to have their controversy resolved by the courts.
Prompt disposition of the court’s business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to insist that court officials, litigants, and their lawyers cooperate with the judge to that end.
Canon 3B(9). The requirement that judges abstain from public comment regarding a pending or impending proceeding continues during any appellate process and until final disposition. This Section does not prohibit a judge from comment *527 ing on proceedings in which the judge is a litigant in a personal capacity, but in cases such as a writ of mandamus where the judge is a litigant in an official capacity, the judge must not comment publicly. The conduct of lawyers relating to trial publicity is governed by Rule 4-3.6 of the Rules Regulating The Florida Bar.
Canon 3B(10). Commending or criticizing jurors for their verdict may imply a judicial expectation in future cases and may impair a juror’s ability to be fair and impartial in a subsequent case.
Canon 3C(4). Appointees of a judge include assigned counsel, officials such as referees, commissioners, special masters, receivers, mediators, arbitrators, and guardians and personnel such as clerks, secretaries, and bailiffs. Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by Section 3C(4). See also Fla.Stat. § 112.3135 (1991).
Canon 3D. Appropriate action may include direct communication with the judge or lawyer who has committed the violation, other direct action if available, or reporting the violation to the appropriate authority or other agency. If the conduct is minor, the Canon allows a judge to address the problem solely by direct communication with the offender. A judge having knowledge, however, that another judge has committed a violation of this Code that raises a substantial question as to that other judge’s fitness for office or has knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects, is required under this Canon to inform the appropriate authority. While worded differently, this Code provision has the identical purpose as the related Model Code provisions.
Canon 3E(1). Under this rule, a judge is disqualified whenever the judge’s impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E(1) apply. For example, if a judge were in the process of negotiating for employment with a law firm, the judge would be disqualified from any matters in which that law firm appeared, unless the disqualification was waived by the parties after disclosure by the judge.
A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification. The fact that the judge conveys this information does not automatically require the judge to be disqualified upon a request by either party, but the issue should be resolved on a case-by-case basis. Similarly, if a lawyer or party has previously filed a complaint against the judge with the Judicial Qualifications Commission, that the fact does not automatically require disqualification of the judge. Such disqualification should be on a case-by-case basis.
By decisional law, the rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In the latter case, the judge must disclose on the record the basis for possible disqualification and use reasonable efforts to transfer the matter to another judge as soon as practicable.
Canon 3E(l)(b). A lawyer in a government agency does not ordinarily have an *528 association with other lawyers employed by that agency within the meaning of Section 3E(l)(b); a judge formerly employed by a government agency, however, should disqualify himself or herself in a proceeding if the judge’s impartiality might reasonably be questioned because of such association.
Canon 3E(l)(d). The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge. Under appropriate circumstances, the fact that “the judge’s impartiality might reasonably be questioned” under Section 3E(1), or that the relative is known by the judge to have an interest in the law firm that could be “substantially affected by the outcome of the proceeding” under Section 3E(l)(d)(iii) may require the judge’s disqualification.
Canon 3E(l)(e). It is not uncommon for a judge’s spouse or a person within the third degree of relationship to a judge to also serve as a judge in either the trial or appellate courts. However, where a judge exercises appellate authority over another judge, and that other judge is either a spouse or a relationship within the third degree, then this Code requires disqualification of the judge that is exercising appellate authority. This Code, under these circumstances, precludes the appellate judge from participating in the review of the spouse’s or relation’s case.
Canon 3F. A remittal procedure provides the parties an opportunity to proceed without delay if they wish to waive the disqualification. To assure that consideration of the question of remittal is made independently of the judge, a judge must not solicit, seek, or hear comment on possible remittal or waiver of the disqualification, unless the lawyers jointly propose re-mittal after consultation as provided in the rule. A party may act through counsel if counsel represents on the record that the party has been consulted and consents. As a practical matter, a judge may wish to have all parties and their lawyers sign the remittal agreement.

. I do expressly note that my colleagues who are in the circumstances of having spouses or family covered by this rule have voluntarily recused themselves from cases covered by the rule. I appreciate their having done this in the public interest.